IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GLENN C. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-cv-00039 |
| ) | Judge Nixon |
| MICHAEL J. ASTRUE, ) | Magistrate Judge Griffin |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Glenn C. Campbell's Motion for Judgment on the Administrative Record ("Motion") (Doc. No. 15), filed with a supporting Memorandum (Doc. No. 14). Defendant Commissioner of Social Security filed a Response in Opposition to the Motion (Doc. No. 16), to which Plaintiff filed a Reply (Doc. No. 17). Magistrate Judge Griffin subsequently issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion be denied and the final decision of the Commissioner be affirmed. (Doc. No. 20.) Plaintiff timely filed Objections to the Report (Doc. No. 22), to which Defendant filed a Response (Doc. No. 24). Upon review of the record, the Court **ADOPTS** the Report, **DENIES** Plaintiff's Motion, and **AFFIRMS** the decision of the Commissioner.

I.  BACKGROUND

   *A. Factual Background*

   The Court adopts the facts as stated in the Background section of Magistrate Judge Griffin's Report (Doc. No. 20 at 2-6).

1

*B. Procedural Background*

Plaintiff's first application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") was denied on April 27, 2007. Plaintiff subsequently filed a second application on July 2, 2007, alleging a disability onset date of April 28, 2007 due to a head injury, back problems, arthritis, depression, migraine headaches, and foot and leg pain. (Tr. 76.) Plaintiff's application was denied upon initial review, and again upon reconsideration. (Tr. 52-58.) A hearing was held before an Administrative Law Judge ("ALJ") on July 17, 2009. (Tr. 18-26.) The ALJ denied Plaintiff's claim on July 17, 2009. (Tr. 7-17.)

The ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since July 2, 2007, the application date (20 CFR 416.917 *et seq.*).

2. The claimant has the following medically determinable impairments: closed head injury, degenerative disc disease, arthritis, migraine headaches, and depression (20 CFR 416.921 *et seq.*).

3. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921 *et seq.*).

4. The claimant has not been under a disability, as defined in the Social Security Act, since July 2, 2007, the date the application was filed (20 CFR 416.920(c)).

(Tr. 12-17.) Plaintiff sought review of the ALJ's decision by the Appeals Council. (Tr. 6.) The Appeals Council denied Plaintiff's request on March 2, 2010, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.)

On April 20, 2010, Plaintiff filed this action to obtain judicial review of the Commissioner's final decision, pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) On August 12, 2010, Plaintiff filed a Motion for Judgment on the Record (Doc. No. 15), to which Defendant

responded on September 13, 2010 (Doc. No 16).  Plaintiff filed a Reply on September 29, 2010.  (Doc. No. 17.)  On December 21, 2011, Magistrate Judge Griffin issued the Report recommending that the Commissioner's decision be affirmed and that Plaintiff's Motion be denied.  (Doc. No. 20.)  Plaintiff asserted one objection to the Magistrate Judge's findings on January 5, 2012.  (Doc. No. 22.)  Specifically, Plaintiff objects to the Magistrate Judge's recommendation that remand is not appropriate to consider new evidence provided to the Court that his left foot pain has lasted more than twelve months.  (*Id.*)  Defendant filed a Response to Plaintiff's objection on January 17, 2012.  (Doc. No. 24.)  The Court discusses the merits of Plaintiff's objection below.

**II.     STANDARD OF REVIEW**

The Court's review of the Report is *de novo*.  28 U.S.C. § 636(b).  This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors."  *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).  Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is "more than a mere scintilla of evidence, but less than a preponderance."  *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

A. *Plaintiff objects to the Magistrate Judge's recommendation that remand is not appropriate to consider new evidence provided to the Court that his left foot pain has lasted more than twelve months.*

In order to find that a claimant is disabled, the claimant must show an impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The ALJ found that Plaintiff did not have an impairment which met the durational requirements. (Tr. 15.) Plaintiff's Motion for Judgment on the Record argues that new medical records regarding his foot pain show that the impairment lasted for at least twelve months. (Doc. No. 14 at 10.) Plaintiff therefore asserts that remand is appropriate under sentence six of 42 U.S.C. § 405(g), which provides that a court can require an ALJ to consider additional evidence on remand if the plaintiff shows that the evidence is new and material, and if the plaintiff provides good cause for failing to include the evidence in the record prior to the ALJ's decision. (*Id.*)

4

Plaintiff asserts in his Objection that pain in his left foot originated sometime after his last administrative hearing in 2007 and was confirmed by MRI reports from October 1, 2009, which show severe osteoarthritic change of the metatarsophalangeal joint. (Doc. No. 22 at 2 (citing Tr. 239, 242).) Plaintiff argues that objective evidence, as well as his subjective complaints, establish that his foot impairment "has lasted more than twelve months up at least until October of 2009." (*Id.* (citing Tr. 239, 242, 14-25).)

In the Report, Magistrate Judge Griffin recommended that Plaintiff has satisfied the new evidence and good cause requirements of § 405(g) because the relevant MRIs were conducted nearly three months after Plaintiff's hearing before the ALJ. (Doc. No. 20 at 15.) However, Magistrate Judge Griffin found that Plaintiff has not satisfied his burden of proof as to the materiality of the MRIs. (*Id.*) New evidence is considered material if there is a reasonable possibility that the Commissioner would have reached a different disability determination if presented with the evidence. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Magistrate Judge Griffin concluded that there was no such reasonable possibility because Plaintiff first presented to the emergency room with foot pain in July of 2009, and the ALJ entered his decision three months later in October of 2009. (Doc. No. 20 at 15.) There could not have been, therefore, evidence that the impairment had lasted or was expected to last for twelve consecutive months at the time of the ALJ's decision. (*Id.* at 15-16.)

The Court agrees with the findings of the Report. Despite Plaintiff's subjective complaints that his foot pain began sometime between 2007 and 2009, there are no objective treatment notes for the impairment before July of 2009 or after October of 2009. The ALJ concluded that Plaintiff's subjective complaints were not fully credible (Tr. 16-17), and

5

Magistrate Judge Griffin found that substantial evidence supported that credibility determination (Doc. No. 20 at 18-22). Plaintiff does not object to that portion of the Report.

Further, the treatment notes from Plaintiff's initial emergency room visit in July of 2009 indicate that Plaintiff's foot pain had begun only the day before. (Tr. 213.) Notes from other emergency room visits indicate that Plaintiff's foot pain came in occasional, temporary spurts and primarily arose when he was not taking the necessary medication. (Tr. 213, 217, 220, 247, 250, 261.) Plaintiff has not, therefore, demonstrated that his foot pain constitutes a severe impairment that endured consistently and that inhibited his ability to work for at least twelve continuous months. Most importantly, adding the four months of objective treatment records to Plaintiff's subjective complaints – of which the ALJ was aware at the time of his disability determination – would not change the ALJ's conclusion as to that issue. Remand under sentence six of § 405(g) is therefore not warranted.

IV. **CONCLUSION**

For the reasons stated above, the Court **ADOPTS** the Report, **DENIES** Plaintiff's Motion, and **AFFIRMS** the decision of the Commissioner. This Order terminates this Court's jurisdiction over the above-styled action, and the case is **DISMISSED**. The Court **DIRECTS** the Clerk to close the case.

It is so ORDERED.

Entered this the __12th____ day of March, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT